UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RYAN COLLINS, | |
| *PLAINTIFF* | CIVIL ACTION NO.: |
| V. | JUDGE: |
| CONTROLWORX, LLC | MAGISTRATE JUDGE: |
| *DEFENDANT* | JURY TRIAL DEMANDED |

# COMPLAINT

NOW COMES Ryan Collins (Collins), who files this, his complaint to state a cause of action as to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. ("FMLA") and the Louisiana Discrimination in Employment laws, specifically and without limitation La. R.S. 23:323, for which he seeks declaratory judgment, injunctive relief, and an award of damages. In furtherance thereof, Plaintiff respectfully avers:

## I. PARTIES

1. Plaintiff Ryan Collins (Plaintiff, or Collins), is an adult resident and domiciliary of St. James Parish, State of Louisiana within the Eastern District of Louisiana.

2. Made Defendant is ControlWorx, LLC (ControlWorx), a domestic limited liability corporation authorized to do and doing business in the Middle District of Louisiana, with a principle place of business in Baton Rouge, Louisiana.

## II. JURISDISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 1331. Jurisdiction is proper under 28 U.S.C. § 1331 because it is brought under the Family Medical Leave Act ("FMLA")

1

and presents a federal question. Jurisdiction over Plaintiff's state law claims is provided by this Court's pendent jurisdiction.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b); a substantial part of the events giving rise to the claims occurred within this judicial district, plaintiff suffered harms and losses in this judicial district due to Plaintiff's medical condition giving rise to FMLA retaliation and disability employment discrimination and retaliation under Louisiana law.

### III. STATEMENT OF FACTS

5. Plaintiff was hired by Growquick in May of 2015; ControlWorx took over in August of 2017. Collins started as a painter/palletizer; he became full time as a valve technician a few months later making about $18 per hour. When he was terminated October 12, 2018 Collins had been promoted to Quality Assurance Specialist – and was making in excess of $70,000, with good benefits and substantial overtime hours.

6. Everything changed for Collins when he notified his supervisor, in writing, that he required rotator cuff surgery in June of 2018 secondary to an earlier automobile accident.

7. After taking is protected Family and Medical Leave (FMLA), he returned to work on September 17, 2018 after showing his treating physician, Dr. Scott Petrie, his job description and having been released with the restriction of no lifting, pushing, pulling of more than 40 lbs.

8. Collins never had any write-ups or disciplinary problems. However, Collins' supervisor, Troy Green, first felt that it was somehow "unfair" that another was required to stay late so Collins could attend physical therapy. In a conversation lasting a little over a half-hour, Collins explained his need for physical therapy to Green in detail, but Green, instead of accommodating Collins' reasonable requests, changed Collins' work schedule to the 11:30 shift to make attending therapy practically impossible. He refused even to discuss Collins'

issue of the impossibility of returning to work to perform physical labor after undergoing physical therapy to his shoulder. Human Resources (HR), instead of accommodating or even discussing the matter with Collins, later told him that he could not "make up his own work schedule", and that his job required that he work overtime.

9. The treatment described above in ¶ 8 constituted FMLA discrimination/retaliation and disability discrimination/retaliation under Louisiana law.

10. Collins could easily have been accommodated by Defendant. In fact, Collins' job description requires that he only very occasionally lift or carry 50 or more pounds and never lift or carry over 50 pounds. The job description requires no overtime whatsoever.

11. When Collins returned from protected leave, HR refused to engage in any dialog on how his physical limitations could be accommodated. In particular, Collins had a discussion with Mary Fontenot, head of HR. Collins described in detail the difficulties he was having with Green and other personnel in HR. He told Fontenot that HR had informed him that "you have to work according to the company's workflow or be terminated". Fontenot also stated to Collins that she was going to have to go with what had been told to her.

12. The treatment described above in ¶ 11 constituted FMLA discrimination/retaliation and disability discrimination/retaliation under Louisiana law.

13. Fontenot never communicated to Collins on his accommodation request. Instead, Fontenot fired Collins and later falsely accused Collins of "quitting" his job and attempted to block his eligibility for unemployment benefits.

14. Collins' EEOC Charge stated he resigned but this was a mistake caused by the EEOC investigator who insisted that because Defendant stated "resigned" on its Workforce Commission document, he had to state resignation in the Charge. However, Collins clearly

indicated in his Charge that he was terminated.

## IV. CAUSES OF ACTION

**A. FMLA**

15. Plaintiff worked for Defendant since 2015.

16. Plaintiff worked more than 1,250 in the 12 months prior to him taking FMLA leave.

17. Plaintiff requested and was granted FMLA leave.

18. Prior to the expiration of his FMLA leave entitlement, Plaintiff's physician cleared him to return to work with the restriction of no lifting, pushing, pulling of more than 40 lbs.

19. Despite being cleared to work, Defendant refused either to dialog with Plaintiff or to accommodate his reasonable accommodation request.

20. Defendant, in part through its lack of oversight and training of its employees, and in part deliberately because of its desire to maximize profits in disregard of Plaintiff's federally protected rights, unlawfully interfered with, retaliated and discriminated against Plaintiff with respect to her federally protected right to take Family and Medical leave, in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. justifying an award, inter alia, of back pay, interest, special damages, punitive damages and any and all other damages to which he is entitled to in law and equity.

**B. LOUISIANA DISCRIMINATION IN EMPLOYMENT LAWS, LA. R.S. 23:323**

21. Defendant employed Plaintiff.

22. Plaintiff had a record of a chronic shoulder condition and related disorders that rendered him disabled as defined by La. R.S. 23:323, or in the alternative, Plaintiff was regarded by Defendant as being so disabled.

23. If left untreated or improperly treated, Plaintiff's shoulder condition and associated problems could seriously affect and compromise many aspects of an individual's life, including without

limitation, substantially limiting major life activities such as caring for one's self, performing manual tasks, and working at any manual job including operating industrial equipment in a warehouse.

24. Through its supervisors, Defendant knew, or were of the opinion, that Plaintiff had a disability, even though he was, at all times, capable of performing the essential tasks of his job as a quality assurance specialist with reasonable accommodation.

25. Defendant, through Plaintiff's direct supervisor Troy Green refused to engage in dialog concerning reasonable accommodation for Plaintiff's shoulder condition. HR supervisor Mary Fontenot refused to engage in dialog and also interfered with Plaintiff's attempts to secure a reasonable accommodation by terminating Plaintiff for the false and pretextual reason that he "quit" his job by not working according to the company's workflow.

26. The actions of Defendant are violations of Plaintiff's rights under La. R.S. 23:323 and related Louisiana laws.

### C. DAMAGES

33. As a direct and proximate consequence Defendant's actions and inactions, through its servants, Plaintiff has suffered a loss of income and other harms, including, but not limited to, past and future wages, benefits, expenses, liquidated damages, pain and suffering, loss of reputation, loss of enjoyment of life, and compensatory damages, all to be specified and proven at trial.

### V. DEMAND FOR A TRIAL BY JURY

34. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Complaint, be cited and served on Defendant and that Defendant be required to answer same, that after due proceeding had, judgment be rendered for Plaintiff as follows:

1. enter a judgment declaring Defendant violated Plaintiff's rights under the FMLA and Louisiana law.

2. enjoin Defendant and order it to reinstate Plaintiff at the position he previously held with all seniority, at a salary and benefit level Plaintiff would have attained by the date of reinstatement.

3. enjoin Defendant and order it to compensate Plaintiff for all of his past wages and benefits, with interest, including, but not limited to, his health insurance, retroactive to Plaintiff's date of termination;

4. enter a judgment against Defendant and in favor of Plaintiff for allowable general, special, allowable liquidated damages (under the FMLA) and reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action and interest from date of judicial demand calculated according to the laws of Louisiana; and

5. award Plaintiff such further and additional relief as the Court may deem just and proper.

Respectfully submitted,

_____
/s/Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile: (985) 892-2640

                James Arruebarrena
                Attorney at Law
                935 Gravier St.
                Suite 1140
                New Orleans, LA 70112
                Telephone: 504-231-9011
                Facsimile: 504-814-1498

*Attorneys for Ryan Collins*