## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RYAN COLLINS**                                                   **CIVIL ACTION**

**VERSUS**                                                         **NO. 20-199-SDD-RLB**

**CONTROLWORX, LLC**

## ORDER

Before the Court is Plaintiff's Motion for Extension of Time for Completing Discovery and Extension of Time to Answer Motion to Compel. (R. Doc. 24). The deadline for filing an opposition has not expired. LR 7(f).

### I. Background

On April 2, 2020, Ryan Collins ("Plaintiff") commenced this employment discrimination seeking relief under the Federal Medical Leave Act and the Louisiana Employment Discrimination Act against his former employer ControlWorx, LLC ("Defendant"). (R. Doc. 1). The Court set the deadline to complete non-expert discovery on July 1, 2021. (R. Doc. 12).

On September 18, 2020, Plaintiff provided his initial disclosures, which identified 15 documents and ten recordings of conversations between Plaintiff and Defendant's employees. (R. Doc. 23-2). That same day, Plaintiff served written discovery on Defendant. (R. Doc. 23-3).

Plaintiff's original counsel withdrew on October 5, 2020. (R. Doc. 16).

On October 20, 2020, Plaintiff produced five audio recordings to Defendant. (R. Doc. 23-4; *see* R. Doc. 23-5). That same day, Defendant served its First Sets of Interrogatories and Requests for Production on Plaintiff. (R. Doc. 23-6). Plaintiff provided certain responses and objections to the discovery requests, but but did not produce any additional documents or recordings. (R. Doc. 23-7).

Plaintiff's current counsel enrolled on December 3, 2020. (R. Doc. 20).

On June 3, 2021, Defendant sent a letter to Plaintiff detailing deficiencies with respect to his discovery responses and asked Plaintiff to supplement his responses by June 10, 2021. (R. Doc. 23-8).

On June 11, 2021, Plaintiff informed Defendant that "he suffered a flood and loss of electronic data" and asked whether Defendant opposed a motion for an extension of the discovery deadlines. (R. Doc. 23-9). Defendant asked for clarification on the amount of time requested and the loss of electronic data. (R. Doc. 23-10). Ignoring Defendant's requests for clarification, Plaintiff again asked whether Defendant opposed an extension of time. (R. Doc. 23-11). Defendant asked for clarification again. (R. Docs. 23-12). It appears that this third request for clarification was ignored. The parties ultimately held a telephone conference on June 18, 2021, which resulted in Defendant agreeing to allow Plaintiff until July 15, 2021 to correct deficiencies in his discovery responses, contingent on Plaintiff allowing his deposition to be retaken to the extent necessary after the receipt of supplemental discovery responses. (R. Doc. 23-16). Defendant represents that "Plaintiff's counsel agreed and, subject to this agreement, the parties proceeded with Plaintiff's deposition on June 23." (R. Doc. 23-1 at 7).

On June 23, 2021, Plaintiff produced additional documents at the beginning of his deposition and disclosed that he had additional information relevant to this litigation on personal hard drives that had not been produced, but appeared to have been destroyed in the referenced flooding. (R. Doc. 23-18).[1] Defendant represents that one week later, on June 29, 2021, it appeared for a Rule 30(b)(6) deposition in which Plaintiff produced, for the first time, a thumb drive containing 28 audio recordings not previously produced to Defendant. (R. Doc. 23-1 at 8; *See* R. Doc. 23-5).

---

[1] Plaintiff produced tax information for the years 2018-2020 the day before the deposition. (R. Doc. 23-17).

On July 1, 2021, Defendant filed a Motion to Compel seeking an order compelling Plaintiff to preserve evidence, to respond to discovery requests, and to supplement initial disclosures and discovery responses. (R. Doc. 23). In particular, Defendant seeks the following relief from the Court:

> (1) order Plaintiff to amend and/or supplement his written responses to Defendant's discovery requests to provide complete answers to each request and order Plaintiff to provide all responsive information and documents in the manner required by the Federal Rules of Civil Procedure and as discussed herein; (2) if Plaintiff is unable to locate responsive documents to any request after a diligent search, order him to expressly so state and to explain the search conducted; (3) order Plaintiff to answer supplemental interrogatories from Defendant, not to exceed 20, regarding all audio recordings made of Defendant's employees, specifically the creation, perseveration, chain of custody, and control of such recordings (including the 28 recordings recently produced); (4) order Plaintiff to affirmatively state whether the "electronic information" lost in the recent flooding included any information pertinent to this lawsuit and to submit any drives, devices, or other media wherein the information was stored to a computer forensic specialist for examination, to be mutually agreed on by the parties and at Plaintiff's expense; (5) order Plaintiff to resubmit himself for a supplemental deposition (consistent with his prior agreement) after complying with any order compelling discovery that the Court may issue; and (6) order Plaintiff to reimburse Defendant for its attorney's fees and expenses incurred as a result of this motion and other extraordinary efforts to obtain discovery to which it is clearly entitled.

(R. Doc. 23-1 at 2-3). The deadline to oppose this Motion to Compel is currently July 22, 2021. LR 7(f).

On July 16, 2021, Plaintiff filed the instant motion, which seeks (1) a 21-day extension of time to complete discovery and (2) a 21-day extension of time to respond to Defendant's Motion to Compel. (R. Doc. 24). In support of this motion, Plaintiff represents that his home was flooded on May 18, 2021, which damaged his electronic devices. Plaintiff further represents that his counsel has had to travel, and will have to conduct additional travel, with respect to a family emergency.

## II.     Law and Analysis

### A.     The Deadline to Complete Non-Expert Discovery

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enterprises, LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

The Scheduling Order informed the parties that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery," and that "a motion to extend any deadline set by this Order must be filed before its expiration." (R. Doc. 12 at 3).

The Court does not find good cause to reopen the expired deadlines to complete non-expert discovery based on the representations in support of the instant motion. In addition to disregarding the Court's directive in the Scheduling Order providing that all motions to extend deadlines must be filed before their expiration, Plaintiff has not established any exceptional circumstances related to the untimely filing of his motion with respect to the expired discovery deadline. *See* LR 26(d)(1) ("Absent exceptional circumstances, no motions relating to discovery . . . shall be filed after the

expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct occurring during the final seven days of discovery."). The flooding experienced by Plaintiff on May 18, 2021 was known to his counsel well prior to the discovery deadline. Indeed, Plaintiff (through counsel) informed Defendant of the flooding on June 11, 2021, and expressed an interest in seeking an extension of the discovery deadlines. Plaintiff does not explain why a motion seeking an extension was not timely filed prior to the July 1, 2021 deadline.

Plaintiff served written discovery and deposed Defendant prior to the close of discovery. It is unclear, therefore, what additional discovery Plaintiff is seeking additional time to conduct. The parties may agree to conduct additional unopposed discovery so long as such discovery does not interfere with the Court's other deadlines. *See* LR 26(d)(1) ("Unopposed discovery may continue after the applicable deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting.").[2]

### B.    The Deadline to Respond to Defendant's Motion to Compel

For good cause shown, a party can obtain an extension of the 21-day deadline to respond to a motion filed in this district. LR 7(f). Defendant filed its Motion to Compel on July 1, 2021, the deadline to complete discovery in this action. Accordingly, Plaintiff's default deadline to file a response is July 22, 2021. Plaintiff seeks an additional 21 days to respond to Defendant's Motion to Compel, which would extend the deadline to August 12, 2021.

The specific reason why Plaintiff is seeking additional time to respond to the Motion to Compel is unclear. Plaintiff represents that he is "trying to recover electronic data from devices, such as his computer, that were damaged in the flood." (R. Doc. 24 at 1). Among other things, Defendant's Motion to Compel is seeking an order requiring Plaintiff to submit these hard drives for examination by a computer forensic specialist. It is unclear why Plaintiff needs additional

---

[2] The Court will not, however, consider any motions, including motions to compel, concerning conducted pursuant to Local Rule 26(d).

time to respond to such a request in light of the damage to his hard drives. The record indicates that Plaintiff has failed to timely disclose or produce certain relevant recordings and other documents during discovery. Those recordings should have been produced months prior to any flood damage. The Court does not find good cause to delay the resolution of Defendant's Motion to Compel in light of Plaintiff's inability to access certain documents on his hard drives that do not appear to have been previously disclosed or produced.

It also appears that Plaintiff is asking for an extension of time to respond to Defendant's Motion to Compel in light of his counsel's emergency travel, the timing and nature of which is vague. It is unclear when Plaintiff's counsel will be conducting any additional emergency travel, a particularly important detail given the nature of the relief sought. Given Plaintiff counsel's emergency travel, however, the Court will provide Plaintiff an additional 7 days to respond to Defendant's Motion to Compel.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time for Completing Discovery and Extension of Time to Answer Motion to Compel. (R. Doc. 24) is **GRANTED IN PART and DENIED IN PART**. Non-expert discovery is closed. The Court will determine whether, and to what extent, any additional discovery is merited in the Court of resolving Defendant's Motion to Compel.

**IT IS FURTHER ORDERED** that Plaintiff shall file any opposition to Defendant's Motion to Compel (R. Doc. 23) on or before **July 29, 2021.** Failure to file an opposition by that deadline will result in Defendant's Motion to Compel being deemed unopposed.

Signed in Baton Rouge, Louisiana, on July 20, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**