## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RYAN COLLINS**                                          **CIVIL ACTION**

**VERSUS**                                                **NO. 20-199-SDD-RLB**

**CONTROLWORX, LLC**

### ORDER

Before the Court is Defendant's Motion to Compel Discovery Responses and for Related Relief ("Motion to Compel"). (R. Doc. 23). The motion is opposed. (R. Doc. 30). Defendant filed a Reply. (R. Doc. 34).

Also before the Court is Plaintiff's Unopposed Motion for Oral Argument. (R. Doc. 35).

Having considered the written record, the Court finds oral argument unnecessary.  For the following reasons, Defendant's Motion to Compel is granted.

## I.    Background

On April 2, 2020, Ryan Collins ("Plaintiff") commenced this employment discrimination action, seeking relief under the Family and Medical Leave Act ("FMLA") or the Louisiana Employment Discrimination Law, including La. R.S. 23:323, against his former employer ControlWorx, LLC ("Defendant"). (R. Doc. 1).

On September 18, 2020, Plaintiff provided his initial disclosures, which identified 15 documents and ten recordings of conversations between Plaintiff and Defendant's employees. (R. Doc. 23-2). That same day, Plaintiff served written discovery on Defendant. (R. Doc. 23-3).

Plaintiff's original counsel withdrew on October 5, 2020. (R. Doc. 16).

On October 20, 2020, Plaintiff, while proceeding *pro se*, produced five audio recordings to Defendant. (R. Doc. 23-4; *see* R. Doc. 23-5). That same day, Defendant served its First Sets of

Interrogatories and Requests for Production on Plaintiff. (R. Doc. 23-6). Plaintiff provided certain responses and objections to the discovery requests, but did not produce any additional documents or recordings. (R. Doc. 23-7).

Plaintiff's current counsel enrolled on December 3, 2020. (R. Doc. 20). Despite having obtained new counsel, Plaintiff did not supplement his discovery responses.

On June 3, 2021, Defendant sent a letter to Plaintiff detailing deficiencies with respect to his discovery responses and asked Plaintiff to supplement his responses by June 10, 2021. (R. Doc. 23-8).

On June 11, 2021, Plaintiff informed Defendant that "he suffered a flood and loss of electronic data" and asked whether Defendant opposed a motion for an extension of the discovery deadlines. (R. Doc. 23-9). Defendant asked for clarification on the amount of time requested and the loss of electronic data. (R. Doc. 23-10). Ignoring Defendant's requests for clarification, Plaintiff again asked whether Defendant opposed an extension of time. (R. Doc. 23-11). Defendant asked for clarification again. (R. Docs. 23-12). It appears that this request for clarification was ignored. The parties ultimately held a telephone conference on June 18, 2021, which resulted in Defendant agreeing to allow Plaintiff until July 15, 2021 to correct deficiencies in his discovery responses, contingent on Plaintiff allowing his deposition to be retaken to the extent necessary after the receipt of supplemental discovery responses. (R. Doc. 23-16). Defendant represents that "Plaintiff's counsel agreed and, subject to this agreement, the parties proceeded with Plaintiff's deposition on June 23." (R. Doc. 23-1 at 7).

On June 23, 2021, Plaintiff produced additional documents at the beginning of his deposition and disclosed that he had additional information relevant to this litigation on personal hard drives that had not been produced, but appeared to have been destroyed in the referenced

flooding. (R. Doc. 23-18).[1] Defendant represents that one week later, on June 29, 2021, it

appeared for a Rule 30(b)(6) deposition in which Plaintiff produced, for the first time, a thumb

drive containing 28 audio recordings not previously produced to Defendant. (R. Doc. 23-1 at 8;

*see* R. Doc. 23-5).

On July 1, 2021, the deadline to complete non-expert discovery, Defendant timely filed

the instant Motion to Compel seeking an order compelling Plaintiff to preserve evidence, to

respond to discovery requests, and to supplement initial disclosures and discovery responses. (R.

Doc. 23). In particular, Defendant seeks the following relief from the Court:

> (1) order Plaintiff to amend and/or supplement his written responses to
> Defendant's discovery requests to provide complete answers to each request and
> order Plaintiff to provide all responsive information and documents in the manner
> required by the Federal Rules of Civil Procedure and as discussed herein; (2) if
> Plaintiff is unable to locate responsive documents to any request after a diligent
> search, order him to expressly so state and to explain the search conducted; (3)
> order Plaintiff to answer supplemental interrogatories from Defendant, not to
> exceed 20, regarding all audio recordings made of Defendant's employees,
> specifically the creation, perseveration, chain of custody, and control of such
> recordings (including the 28 recordings recently produced); (4) order Plaintiff to
> affirmatively state whether the "electronic information" lost in the recent flooding
> included any information pertinent to this lawsuit and to submit any drives,
> devices, or other media wherein the information was stored to a computer forensic
> specialist for examination, to be mutually agreed on by the parties and at
> Plaintiff's expense; (5) order Plaintiff to resubmit himself for a supplemental
> deposition (consistent with his prior agreement) after complying with any order
> compelling discovery that the Court may issue; and (6) order Plaintiff to
> reimburse Defendant for its attorney's fees and expenses incurred as a result of
> this motion and other extraordinary efforts to obtain discovery to which it is
> clearly entitled.

(R. Doc. 23-1 at 2-3).

On July 16, 2021, Plaintiff sought an extension of the deadline to complete discovery to

respond to the Motion to Compel on the bases that (1) his home was flooded on May 18, 2021,

and (2) his counsel had a family emergency requiring travel. (R. Doc. 24). The Court denied the

---

[1] Plaintiff produced tax information for the years 2018-2020 the day before the deposition. (R. Doc. 23-17).

motion to the extent it sought an extension of the non-expert discovery deadline, and set the deadline for Plaintiff to file an opposition to the motion to compel on July 29, 2021. (R. Doc. 25).

On July 23, 2021, Plaintiff filed a motion for reconsideration. (R. Doc. 26). The Court denied the motion with respect to additional discovey, and directed counsel to confer regarding whether the circumstances support an extension of time for Plaintiff's opposition to the Motion to Compel. (R. Doc. 27).

On July 27, 2021, Plaintiff filed an unopposed motion seeking an extension of the deadline to respond to the Motion to Compel to August 6, 2021. (R. Doc. 28). The Court granted the motion. (R. Doc. 29).

On August 6, 2021, Plaintiff filed his opposition. (R. Doc. 30). Plaintiff appears first to argue that Defendant's Motion to Compel does not comply with Local Rule 37 because it does not quote "verbatim" each discovery request and response at issue. (R. Doc. 30 at 1). Plaintiff then focuses on the failure of Plaintiff's current counsel to obtain documents from Plaintiff's former counsel, the May 18, 2021 flooding and counsel's family emergency, and assertions regarding productions made prior to and after the filing of the instant Motion to Compel. (R. Doc. 30 at 1-5). Plaintiff does not assert that he has complied with his discovery obligations. At most, Plaintiff argues that Defendant's requests for production of documents are "unreasonably cumulative or duplicative" because the information has been provided at Plaintiff's deposition, and can be obtained through other more convenient, less burdensome, and less costly means, such as Plaintiff's medical records obtained through medical authorizations. (R. Doc. 30 at 5-7).

On August 13, 2021, Defendant filed a Motion for Summary Judgment. (R. Doc. 32). This motion remains pending before the district judge.

On August, 10, 2021, Plaintiff provided Defendant with a document titled "Supplemental Answer to Discovery." (R. Doc. 34-1). In its reply memorandum, Defendant argues that the supplemental responses are deficient because Plaintiff failed to verify his answers to any interrogatories as required under Rule 33(b)(3); Plaintiff's responses to requests for production do not satisfy Rule 34(b)(2)(E)(i); and the supplemental responses to Interrogatory No. 17 and 18, and Request for Production No. 12, remain incomplete.

## II.     Law and Analysis

### A.     Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc*., 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Wymore v. Nail*, No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

**B.      Defendant's Compliance with Local Rule 37**

As an initial matter, Plaintiff appears to argue that Defendant failed to comply with Local Rule 37, which provides the following:

> Motions addressed to issues concerning discovery propounded under Fed. R. Civ. P. 33, 34, 36 and 37 must quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed, followed immediately by the verbatim response or objection which provided thereto.

LR 37. In support of this argument, Plaintiff writes the following sentence fragment: "The memorandum in support[.]" (R. Doc. 30 at 1). Plaintiff provides no further argument on this issue or otherwise identify which discovery requests at issue have not been properly raised in the Motion to Compel.

The Court has reviewed Defendant's Motion to Compel and finds that it complies with Local Rule 37, as the Motion to Compel specifically seeks relief regarding the following discovery requests (and corresponding responses, if any) that are quoted verbatim in the motion:

Interrogatory Nos. 17, 18, 22, Request for Production Nos. 5, 6, 7, 8, 9, 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32.[2]

### C.      Plaintiff's Post-Opposition "Supplemental Answer to Discovery"

After filing his opposition, Plaintiff provided Defendant with supplemental responses to the discovery requests at issue. Plaintiff did not mention this discovery response in his Opposition. The Court was first made aware of this document when Defendant sought leave to file a reply memorandum.

It is unclear to what extent this document moots the issued raised in the instant Motion to Compel. Defendant acknowledges that the document corrects "a few of the problems previously identified" but then goes on to identify remaining issues. (R. Doc. 34 at 3-6).

To ensure full compliance with this Order, the Court will require Plaintiff to re-submit supplemental responses to Defendant in accordance with the terms of this Order, even to the extent Plaintiff relies upon assertions in the untimely "Supplemental Answer to Discovery." The Court will address the particular issues raised in Defendant's Reply with respect to these supplemental responses. The Court does not, however, conclude whether and to what extent that the "Supplemental Answer to Discovery" moots any issues raised in the Motion to Compel.

The Court advises Plaintiff that his supplemental response to any requests for production required by this Order must specifically identify which documents he has produced (or will produce) that are responsive to each particular document request. *See* Fed. R. Civ. P. 34(b)(2)(E)(i). Furthermore, Plaintiff must verify and sign his supplemental answers to any interrogatories at issue in this Order. *See* Fed. R. Civ. P. 33(b)(3), (5).

---

[2] Defendants represent that Plaintiff did not provide responses to Requests for Production Nos. 11, 13, 14, and 15 but are not seeking relief with respect to those document requests because Plaintiff provided the authorizations requested.

### D.    Written Discovery Requests With No Objections

The record indicates that Plaintiff failed to provide any response or objection to Request for Production Nos. 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32. Defendant agreed to provide Plaintiff until July 15, 2021 to correct these and other deficiencies contingent on Plaintiff agreeing to leave his deposition open. (R. Doc. 23-16). Plaintiff did not timely supplement his responses.

As Plaintiff did not make any timely objections to the foregoing requests for production, the Court finds that Plaintiff has waived his objections to the discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Accordingly, the Court will require Plaintiffs to provide responses to Defendant's Request for Production Nos. 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32 without any objections other than those pertaining to any applicable privileges or immunities.

Plaintiff must specifically respond to each of the following requests for production and produce non-privileged responsive documents. To the extent applicable, Plaintiff must identify any responsive documents that have already been produced with respect to each request for production. If Plaintiff does not have any responsive documents in his possession, custody, or control with respect to any of the following requests for production, he must specifically state so

in his response. Request for Production Nos. 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32 are as follows:

> **Request for Production No. 12:** All documents reflecting or relating to the invoices, billing, charges, costs, or payments to any physician, medical professional, mental health counselor, therapist, psychologist, psychiatrist, social worker, and other health care provider of any type identified in response to Defendant's First Set of Interrogatories.
>
> **Request for Production No. 16:** All documents reflecting any loss, damage, or harm allegedly sustained by Plaintiff as a result of alleged unlawful treatment in the Complaint, or otherwise allegedly caused by any violation of law alleged in the Complaint.
>
> **Request for Production No. 17:** All documents and tangible items that support the allegation that Plaintiff has suffered a loss of income and other harms, including, but not limited to, past and future wages, benefits, expenses, liquidated damages, pain and suffering, loss of reputation, loss of enjoyment of life, and compensatory damages" as referenced in Paragraph 33. of the Complaint and general damages in paragraph 4. of the Complaint's prayer for relief.
>
> **Request for Production No. 18:** All documents and tangible items that support the allegations that "Plaintiff had a disability" and of Defendant's failure to accommodate that disability that adversely affected his status as an employee as referenced in Paragraph 11 of the Complaint.
>
> **Request for Production No. 19:** All documents and tangible items that reflect or support the damages allegedly owed to Plaintiff as referenced in Paragraph 33 of the Complaint and Paragraph 4 of the Complaint's prayer for relief, including any documents reflecting or containing information sought in Defendant's Interrogatory No. 19.
>
> **Request for Production No. 20:** All documents and tangible items that you may introduce in support of the allegation that Defendant violated "Plaintiff's rights under the FMLA and Louisiana law," as alleged in Paragraph 1 of the Complaint's prayer for relief.
>
> **Request for Production No. 21:** All documents, including correspondence and electronic mail, you were provided by any third party either in response to a subpoena or voluntarily relating to the allegations in your Complaint.
>
> **Request for Production No. 22:** For every company, organization, other entity, and person identified in response to Interrogatory No. 15, produce all documents reflecting any of the information identified in subparts (a)-(d) thereof.

**Request for Production No. 23:** For every company, organization, other entity, and person by whom Plaintiff has been employed since his employment at ControlWorx ended, produce his personnel and payroll files, including records reflecting the position held, promotions, demotions, performance reviews, evaluations, write-ups, performance improvement plans, discipline, and compensation.

**Request for Production No. 24:** All written and recorded statements identified in response to Defendant's Interrogatory No. 5.

**Request for Production No. 25:** All sworn testimony provided by Plaintiff in any proceeding described in Defendant's Interrogatory No. 7.

**Request for Production No. 26:** All pleas of nolo contendere or guilty, or other convictions, described in Defendant's Interrogatory No. 8.

**Request for Production No. 27:** All documents reflecting income, benefits, or other financial assistance described in Defendant's Interrogatory No. 17.

**Request for Production No. 28:** All documents, including communications, emails, texts, posts, shares, or other electronic or digital expression of any kind, in which Plaintiff referred to, commented on, communicated about, memorialized, or in any other way addressed the facts alleged and subject matters described in the Complaint, and/or any way in which he was allegedly mistreated or harmed as alleged in the Complaint, excluding those that are entirely confidential between or among Plaintiff and any legal counsel retained to represent him in this matter.

**Request for Production No. 29:** A copy of the "job description" referenced in Paragraph 10 of the Complaint.

**Request for Production No. 30:** The "[t]en recordings and segments of recordings of conversations between Collins and Defendant's employees relating to his work restrictions, schedule change, and termination" referenced in Plaintiff's Rule 26 Initial Disclosures.

**Request for Production No. 31:** All documents that you contend constitutes a "record of a chronic shoulder condition and related disorders" as referenced in Paragraph 22 of the Complaint.

**Request for Production No. 32:** All documents that you contend show that you have a disability as alleged in the Complaint.

(R. Doc. 23-6 at 18-22).

As discussed above, the Court will not parse the language of Plaintiff's untimely "Supplemental Answer to Discovery" to determine whether and to what extent each response is satisfactory. It appears, however, that Defendant has found Plaintiff's untimely supplemental responses generally to be satisfactory with respect to these requests for production with the exception of Plaintiff's response to Request for Production No. 12.

 Plaintiff's supplemental response to Request for Production No. 12 states "Please see medical records." (R. Doc. 34-1 at 9). Defendant represents that no medical records have been produced. (R. Doc. 34 at 6). Plaintiff must respond fully to this document request by producing all responsive documents sought in full.

**IT IS ORDERED** that Plaintiff must respond to Defendant's Request for Production Nos. 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32, and produce any non-privileged responsive documents, within **10 calendar days** of the date of this Order, or as otherwise agreed upon by the parties. The Court reaches no decision on the sufficiency of Plaintiff's untimely "Supplemental Answer to Discovery" other than to find that the supplemental response to Request for Production No. 12 is insufficient as discussed above.

### E.    Written Discovery Requests With Objections

#### 1.    Interrogatory Nos. 17-18 and Request for Production No. 9

Interrogatory Nos. 17-18 and Request for Production No. 9 collectively seek information with respect to Plaintiff's claims for damages.  Interrogatory No. 17, and Plaintiff's response, are as follows:

> **Interrogatory No. 17:** Identify each source of income, benefits, or other financial assistance ("proceeds") Plaintiff has received or is owed since his employment at ControlWorx ended, including but not limited to proceeds from employment by any company, organization, or other entity; self-employment; work as an independent contractor; services provided as casual or temporary labor; as an owner or partner in any business or endeavor; unemployment benefits; disability

insurance benefits; workers' compensation benefits; Social Security benefits; pension or annuity; other retirement; and alimony or other court-ordered payments. For each source, provide the name of the source, the address of the source, and the amount of proceeds received or owed.

**Response to Interrogatory No. 17**: OBJECT to the question as overbroad. Seeks information that is not relevant to any claim and not proportional to the needs of the case.

(R. Doc. 23-7 at 5-6). Interrogatory No. 17 requests Plaintiff to identify all sources of income since Plaintiff's employment with Defendant ended. This information is relevant and proportional to Plaintiff's claim for damages, including "loss of income" and "past and future wages, benefits, [and] expenses. . . ." (R. Doc. 1 at 5). Though detailed, the request is not overly broad.

Plaintiff's supplemental answer to Interrogatory No. 17 provides the name and address of Plaintiff's current employer, and states that Plaintiff "has supplied tax information with detailed information about proceeds and the source of those proceeds with all of their contact information." (R. Doc. 34-1 at 5). In reply, Defendants assert that "[a]t the very least, Plaintiff should be required to identify the documents which he alleges he has 'supplied' with greater specificity." (R. Doc. 34 at 5). It is unclear why there is confusion regarding the tax information "supplied" by Plaintiff. Nevertheless, to satisfactorily respond to this interrogatory, Plaintiff must identify the specific documents he is relying on to respond to this interrogatory "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *See* Fed. R. Civ. P. 33(d)(1).

Interrogatory No. 18, and the respective response, are as follows:

**Interrogatory No. 18:** Itemize and describe each element of monetary damages or relief sought in the Complaint, including a brief description of the item of damage, the total amount claimed, and the method or formula used to compute the amount, including the time period over which the amount should be computed. If the dollar amount of any item of damage is not yet known, state the method or

12

formula by which you contend such amount should be computed (and the time period over which you contend such amount should be computed), and describe all documents or other information that you claim to need in order to be able to complete the damages calculation.

**Response to Interrogatory No. 18**: Front Pay, Back Pay, Compensatory damages. FMLA damages allowed under law. Damages are continuing and have not been quantified at this time. A calculation of damages can be made by calculating a 40 hour work week.

(R. Doc. 23-7 at 6). Discovery is closed. Plaintiff has not argued that he is relying on a damages expert to calculate his damages. The information sought is within the scope of discovery and must be produced to the extent it was not provided in Plaintiff's initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring disclosure of "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. . . .").

Plaintiff's supplemental answer to Interrogatory No. 18 provides that Plaintiff was paid $23.00 per hour and identifies the specific calculation of attorney's fees and costs sought. (R. Doc. 34-1 at 5). The supplemental response does not provide any specific calculation of any other damages. This information must be provided in a supplemental response.

Request for Production No. 9 seeks records substantiating any incurred legal fees sought by Plaintiff in the litigation:

**Request for Production No. 9:** All documents, records, bills, statements, invoices, and accountings reflecting legal services and costs incurred by Plaintiff and that will be sought to be recovered in this action, including attorney fees, paralegal fees, litigation expenses, and expert witness fees.

**Response to Request for Production No. 9:** OBJECT calls for attorney client privilege, the question as overbroad. Seeks information that is not relevant to any claim and not proportional to the needs of the case.

(R. Doc. 23-7 at 12). The Court will narrow the scope of the request to all billing statements pertaining to legal services and costs sought by Plaintiff in this litigation as identified in his supplemental response to Interrogatory No. 18. To the extent Plaintiff is claiming attorney-client privilege over any records identified, he may produce them in redacted form and produce an appropriate privilege log under Rule 26(b)(5).[3] It appears that Plaintiff has complied with this request for production by submitting a "statement of expenses and fees by current counsel." (*See* R. Doc. 34-1 at 8).

**IT IS ORDERED** that Plaintiff must provide supplemental responses to Interrogatory Nos. 17-18 and Request for Production No. 9, as detailed above, within **10 calendar days** of the date of this Order, or as otherwise agreed upon by the parties. The Court reaches no decision on the sufficiency of Plaintiff's untimely "Supplemental Answer to Discovery" other than to find that the supplemental response to Interrogatory Nos. 17-18 are insufficient as discussed above.

### 2.    Interrogatory No. 22 and Request for Production No. 5

Interrogatory No. 22 and Request for Production No. 5 collectively seek information pertaining to Plaintiff's preparation of initial disclosures and responses to written discovery. Interrogatory No. 22, and Plaintiff's response, are as follows:

> **Interrogatory No. 22:** Identify every person who provided any information included in or used to prepare Plaintiff's initial disclosures and these answers to these interrogatories, including any supplements thereto, and identify any documents to that were reviewed or used in the preparation of such disclosures and answers.

---

[3] While the Court does not make a ruling at this time with respect to the applicability of the attorney-client privilege to legal billing records, the Court notes that other courts have held that attorney billing records are only protected by the attorney-client privilege to the extent they reveal the nature of services or type of work performed. *See, e.g., C.J. Calamia Const. Co., Inc. v. ARDCO/TraverseLift Co. LLC*, No. 97-2770, 1998 WL 395130, *3 (E.D. La. July 14, 1998) ("[T]ime sheets and billing records are protected by the attorney-client privilege to the extent that they reveal the nature of services performed and/or the type of work performed by an attorney. Thus, billing statements and records that simply reveal the amount of time spent, the amount billed, and the type of fee arrangement between attorney and client are fully subject to discovery.").

> **Response to Interrogatory No. 22**: OBJECT calls for attorney client privilege, the question as overbroad. Seeks information that is not relevant to any claim and not proportional to the needs of the case.

(R. Doc. 23-7 at 7). This interrogatory is overly broad to the extent it seeks, without limitation, the identification of all documents reviewed and used in the preparation of disclosures and answers regardless of whether the underlying documents are relevant to a claim or defense in this action. The Court will limit this interrogatory to the identification, by name, of every person who assisted Plaintiff in preparing his initial disclosures and answers to his interrogatories, including any supplemental disclosures and interrogatories. This response will not require the disclosure of any attorney-client privileged information.

Request for Production No. 5, and Plaintiff's response, are as follows:

> **Request for Production No. 5:** All documents referred to, relied upon, identified, reviewed, referenced, listed, or consulted in preparing Plaintiff's initial disclosures and responses to any of ControlWorx's discovery requests in this matter, including any supplements thereto.

> **Response to Request for Production No. 5:** OBJECT calls for attorney client privilege, the question as overbroad. Seeks information that is not relevant to any claim and not proportional to the needs of the case.

(R. Doc. 23-7 at 10). As with Interrogatory No. 22, this document request is overly broad to the extent it seeks, without limitation, all documents reviewed and used in the preparation of disclosures and answers regardless of whether those documents are relevant to a claim or defense in this action. The Court will limit this request to all documents specifically identified in Plaintiff's initial disclosures and answers to his interrogatories, including any supplemental disclosures and interrogatories.

In particular, Defendant sought the production of documents identified in Plaintiff's initial disclosures, namely the 15 documents with Bates numbers COLLINS 00001-00031, in addition to "[t]en recordings and segments of recordings of conversations between Collins and

Defendant's employees relating to his work. (R. Doc. 23-2 at 2-3). It appears that Plaintiff has

produced these documents and this issue is resolved. (*See* R. Doc. 34-1 at 6-7).

**IT IS ORDERED** that Plaintiff must provide supplemental responses to Interrogatory

No. 22 and Request for Production No. 5, as detailed above, within **10 calendar days** of the date

of this Order, or as otherwise agreed upon by the parties.

### 3.    Requests for Production Nos. 6-9

Requests for Production Nos. 6-9 collectively seek documents pertaining to Plaintiff's

allegations of discrimination, failure to accommodate, and other alleged unlawful treatment.

Request for Production Nos. 6-9, and Plaintiff's response, are as follows:

> **Request for Production No. 6:** All documents that memorialize, substantiate, or
> support the allegations of discrimination, failure to accommodate a disability,
> retaliation, or other unlawful treatment as described in the Complaint, including, but
> not limited to:
>
> > a. affidavits, declarations, handwritten statements, videotaped statements,
> > audio recordings, or other recorded statements from Plaintiff or any other
> > persons, including but not limited to current or former employees, agents, and
> > representatives of ControlWorx; and,
> >
> > b. logs, diaries, calendars, notes, records, and other documents made or kept
> > by Plaintiff that memorialize or reflect the way in which Plaintiff was
> > allegedly treated unlawfully at ControlWorx according to the allegations and
> > claims asserted in the Complaint.
>
> **Response to Request for Production No. 6:** OBJECT calls for attorney client
> privilege, the question as overbroad. Seeks information that is not relevant to any
> claim and not proportional to the needs of the case.
>
> **Request for Production No. 7:** All communications, emails, texts, messages, videos,
> and other documents, including all electronically stored information and social media
> posts, tweets, or replies, regarding the facts and circumstances that are the subject of
> the allegations in the Complaint that Plaintiff sent to or received from any person,
> excluding any legal counsel retained to represent Plaintiff in connection with this
> matter to the extent such communications are subject to the attorney-client privilege.
>
> **Response to Request for Production No. 7:** OBJECT calls for attorney client
> privilege, the question as overbroad. Seeks information that is not relevant to any
> claim and not proportional to the needs of the case.

**Request for Production No. 8:** All documents reflecting any complaints or reports of failure to accommodate a disability, or other unlawful treatment, as alleged in your Complaint made by Plaintiff to management, human resources personnel, or other person in a supervisory or leadership position at ControlWorx.

**Response to Request for Production No. 8:** OBJECT calls for attorney client privilege, the question as overbroad. Seeks information that is not relevant to any claim and not proportional to the needs of the case.

(R. Doc. 23-7 at 10-12).

The foregoing documents requests seek information within the scope of discovery. The requests are relevant to Plaintiff's employment discrimination claims and proportional to the needs of this case. To the extent Plaintiff claims attorney-client privilege with respect to any responsive documents, he may withhold or redact the responsive document and produce an appropriate privilege log under Rule 26(b)(5). According to Plaintiff's supplemental response, he has appears produced all responsive documents. (*See* R. Doc. 34-1 at 6-8).

**IT IS ORDERED** that Plaintiff must provide supplemental responses to Request for Production No. 6-9, as detailed above, within **10 calendar days** of the date of this Order, or as otherwise agreed upon by the parties.

### E.    Additional Discovery Sought by Defendant

Defendant also seeks the opportunity to conduct additional discovery, including the issuance of supplemental interrogatories regarding Plaintiff's audio recordings. The Court will require Plaintiff to appear for a supplemental deposition (consistent with the parties' agreement) after supplemental discovery responses are provided consistent with this Order. The supplemental deposition is limited to one day of 7 hours. Defendant may question Plaintiff regarding any topic within the scope of discovery, including the creation, preservation, chain of custody, and control of all audio recordings produced. The Court will not allow additional written discovery at this time.

F.      **Flood-Related Loss of Electronically Stored Information**

Defendant also seeks an order requiring Plaintiff to state affirmatively whether the electronically stored information purportedly lost in the recent flooding included any information pertinent to this lawsuit and to submit the damaged storage devices for an inspection by a computer forensics specialist. In seeking an extension of his time to oppose this motion, Plaintiff stated that he and his counsel had "been able to verify that no electronic information was lost and Mr. Collins had items related to this case in a cloud format." (R. Doc. 26 at 2). It therefore appears that Plaintiff has represented that he has not, in fact, lost access to any electronically stored information in his possession, custody, or control in light of the alleged flood damage. Defendant may question Plaintiff more about this issue at his reopened deposition.

III.    **Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel Discovery Responses and for Related Relief (R. Doc. 23) is **GRANTED IN PART and DENIED IN PART**. Plaintiffs must provide supplemental responses to Defendant's Interrogatory Nos. 17, 18, 22, and Request for Production Nos. 5, 6, 7, 8, 9, 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, as detailed in the body of this Order, within **10 calendar days** of the date of this Order, or as otherwise agreed upon by the parties. If Plaintiff is unable to locate responsive documents to any request for production after a diligent search, he must expressly state this in his supplemental response and provide a brief explanation of the search conducted.

**IT IS FURTHER ORDERED** that to the extent Plaintiff finds any response in his "Supplemental Answer to Discovery" (R. Doc. 34-1) sufficient to comply with this Order, he must nevertheless restate his supplemental responses in compliance with this Order.

**IT IS FURTHER ORDERED** that all supplemental responses to interrogatories shall be verified and signed by Plaintiff.

**IT IS FURTHER ORDERED** that all supplemental responses to requests for documents must specifically identify which documents Plaintiff has produced (or will produce) that are responsive to each particular document request.

**IT IS FURTHER ORDERED** that Plaintiff must appear for a supplemental deposition, not to exceed one day of 7 hours, within **30 days** of the date of this Order, or as otherwise agreed upon by the parties. No further written discovery will be allowed at this time.

**IT IS FURTHER ORDERED** that all supplemental responses to interrogatories shall be verified and signed by Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument (R. Doc. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs pursuant to Rule 37(a)(5)(C).

Signed in Baton Rouge, Louisiana, on September 27, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**